ZELLMAN et al., Appellants,

v.

KENSTON BOARD OF EDUCATION et al., Appellees.

[Cite as *Zellman v. Kenston Bd. of Edn.* (1991), 71 Ohio App.3d 287.]

Court of Appeals of Ohio,
Geauga County.

No. 90–G–1565.

Decided May 6, 1991.

*Albert L. Purola,* for appellants.

*David A. McGee,* for appellees.

CHRISTLEY, Presiding Judge.

This is an accelerated appeal from a judgment of the Geauga County Court of Common Pleas, dismissing Counts 1 and 4 of a complaint of appellant, . Jason Zellman. Jason's parents, Lewis and Diane Zellman, are also appellants in this appeal.

Beginning in September 1986, Jason was a student at Kenston High School in Geauga County. This high school is part of the Kenston School District, which is under the jurisdiction of appellee, the Kenston Board of Education. During the applicable period, David Rathz was the high school principal, while Zinn Gorby was the assistant principal. Both of these individuals were named as defendants in the complaint and are also appellees in this appeal.

As a student, Jason had difficulty learning and also experienced certain behavioral problems. As a result of the latter, he was disciplined by school authorities. This discipline included suspensions from school. In addition, upon the recommendation of the school faculty, Jason underwent psychological testing. The results of this test did not disclose any disability.

In March 1988, Jason withdrew as a student at Kenston. During this period, Jason continued to undergo both medical and psychological testing. Then, approximately three months after withdrawing, he was diagnosed as having epilepsy.

In their complaint, appellants alleged that as an epileptic, Jason was considered a handicapped child under state law. Under Counts 1 and 4, appellants further alleged that appellees had negligently failed to "identify" Jason as a handicapped child, as they were required to do under R.C. 3323.03. The other two counts in the complaint alleged that appellees' actions had resulted in certain violations of Jason's constitutional rights.

Upon answering the complaint, appellees moved the trial court to dismiss Counts 1 and 4. As grounds for this motion, appellees simply asserted that they were immune from liability, pursuant to R.C. 2744.02 and 2744.03.

After appellants had responded, the trial court granted appellees' motion and dismissed the two counts. The court also held that there was no just cause for delay in the entry of the final judgment, pursuant to Civ.R. 54(B).

On appeal from this judgment, appellants have assigned the following as error:

"The trial court erred when dismissing Counts I and IV (Negligence) of plaintiffs-appellants' complaint."

R.C. 2744.02(A)(1) provides that unless certain exceptions apply, a political subdivision is immune from liability for damages incurred as a result of an act or omission of the subdivision or one of its employees. As to the employee, R.C. 2744.03(A)(6) states that unless certain exceptions apply, that individual is also immune from liability for actions taken within the scope of the employment.

In moving to dismiss Counts 1 and 4, which were both based upon an allegation of negligence, appellees maintained that none of the listed exceptions to the grant of immunity was applicable in this case. Under their sole assignment, appellants contend that the trial court erred in accepting appellees' arguments as to three of these exceptions.

■ The first exception to which appellants refer is applicable solely to a political subdivision, which is defined in R.C. 2744.01(F) as including a school district. R.C. 2744.02(B)(5) provides, in pertinent part:

" * * * a political subdivision is liable for injury, death, or loss to persons or property when liability is expressly imposed upon the political subdivision by a section of the Revised Code * * *. Liability shall not be construed to exist under another section of the Revised Code merely because a responsibility is imposed upon a political subdivision * * *."

In arguing that this exception to immunity was applicable in this case, appellants assert that liability for failure to identify Jason as a handicapped child was expressly imposed on the Kenston Board of Education under R.C. 3323.03. This section is part of a chapter of the Revised Code which pertains to the education of handicapped children. In furtherance of the primary goal of assuring that all handicapped children will be given an appropriate public education, this section states, in part:

" * * * The state board shall require the board of education of each school district, in consultation with the county boards of mental retardation and developmental disabilities and the boards of alcohol, drug addiction, and mental health services of each county in which the school district has territory, to identify, locate, and evaluate all handicapped children residing within

the district to determine which handicapped children are not receiving appropriate special education and related services." R.C. 3323.03.

In their complaint, appellants alleged that the board had failed to follow the foregoing statutory language, since the high school faculty had not identified Jason as a handicapped child who needed special services. This assertion was based upon the further allegation that even though he was tested at the school, Jason was not diagnosed as an epileptic until he had withdrawn. These allegations were obviously sufficient to state a prima facie violation of the statute.

However, R.C. 2744.02(B)(5) specifically provides that liability is not to be found to exist simply because a *responsibility* is imposed upon the political subdivision under a separate code section. Instead, *liability*, itself, must be expressly imposed by the statute. This language clearly creates a presumption against interpreting other statutes as stating an exception to the general rule concerning sovereign immunity.

Although R.C. 3323.03 does impose a responsibility upon a board of education, it does not expressly provide that the violation of this duty can form the basis of a civil action for damages. Moreover, R.C. 3323.05 provides a procedure for reviewing the decisions of the board and its employees concerning the identification and education of a handicapped child. Again, this statute does not expressly provide for a separate civil action. Thus, R.C. 3323.03 does not state an exception to the immunity of a political subdivision.

■ The second exception to which appellants refer also applies solely to the board of education. R.C. 2744.02(B)(4) states that political subdivisions are liable for damages " * * * caused by the negligence of their employees and that occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function * * *."

In their motion to dismiss, appellees referred to this exception as allowing recovery for personal injuries associated solely with the maintenance of government buildings or grounds. Appellants now contend that this reference erroneously inferred that the exception did not apply to all negligent acts which occurred in the buildings. Stated differently, appellants maintain that this exception does not apply merely to negligent acts associated with maintenance.

As to this issue, this court would note that appellants' interpretation of R.C. 2744.02(B)(4) is inconsistent with the other provisions in the statute. For example, R.C. 2744.02(B)(2) states that political subdivisions are liable for damages caused " * * * by the negligent performance of acts by their employees with respect to proprietary functions * * *." If appellants' inter-

pretation of (B)(4) was correct, then there would be no need for (B)(2). Any acts which would fall under (B)(2) would also fall under (B)(4).

Moreover, the Tenth Appellate District has expressly stated that R.C. 2744.02(B)(4) is applicable only to the maintenance of governmental property. *Spotts v. Columbus Pub. Schools* (Apr. 19, 1990), Franklin App. No. 89AP–1003, unreported, 1990 WL 48900.

More importantly, though, we would note that appellants' allegation of negligence in Counts 1 and 4 was based solely upon the failure of the board and its employees to identify Jason as a handicapped child. Pursuant to our previous analysis, appellants cannot maintain a separate civil suit predicated upon a violation of R.C. 3323.03. Thus, even if appellants' argument as to the correct interpretation of R.C. 2744.02(B)(4) has merit, this exception could not be invoked in this instance.

The final exception is applicable only to employees of a subdivision. R.C. 2744.03(A)(6) states that an employee is immune unless one of the following applies:

"(a) His acts or omissions were manifestly outside the scope of his employment or official responsibilities;

"(b) His acts or omission were with malicious purpose, in bad faith, or in a wanton or reckless manner;

"(c) Liability is expressly imposed upon the employee by a section of the Revised Code."

In relation to appellees Rathz and Gorby, appellants argue that exception (b) was clearly applicable in this case. Specifically, appellants assert that the actions of these individuals demonstrated bad faith or a reckless disregard of their duty.

Again, however, the allegations contained in the complaint are controlling. Appellants never alleged reckless behavior or bad faith. They merely alleged that appellees had been negligent. Thus, none of the exceptions stated in R.C. 2744.03(A)(6) was applicable to Rathz and Gorby.

As none of the cited exceptions to the general rule of immunity was applicable to appellees, the trial court did not err in granting their motion to dismiss Counts 1 and 4. Appellants' sole assignment is accordingly without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

JOSEPH E. MAHONEY and NADER, JJ., concur.