DOE, a Minor, et al., Appellants,

v.

JEFFERSON AREA LOCAL SCHOOL DISTRICT, Appellee.

[Cite as *Doe v. Jefferson Area Local School Dist.* (1994), 97 Ohio App.3d 11.]

Court of Appeals of Ohio,
Ashtabula County.

No. 93–A–1832.

Decided Aug. 15, 1994.

**12**

*William O'Neill* and *Thomas C. Brown,* for appellants.

*Joseph A. Ferrante,* for appellee.

CHRISTLEY, Presiding Judge.

This is an accelerated appeal from a judgment of the Ashtabula County Court of Common Pleas, dismissing Counts 5 and 6 of the complaint of appellants, Jane, John, and James Doe. As grounds for this judgment, the trial court held that both counts failed to state a claim upon which relief could be granted.

In July 1992, appellants brought the instant action against Edward Sutliff and appellee, the Jefferson Area Local School District. Each of the six counts in the complaint was predicated upon the basic allegation that during the school year, Sutliff, a substitute teacher for appellee, had befriended John Doe, a student at the junior high school, and had then sexually molested him while John Doe was working for Sutliff at a summer job. In Count 5, which applied solely to appellee, appellants further alleged that appellee had acted negligently in hiring and supervising Sutliff.

Prior to answering, appellee moved the trial court to dismiss the two counts of the complaint against it, pursuant to Civ.R. 12(B)(6). As to Count 5, appellee argued that it was immune from liability for any damages incurred by appellants. After appellants had responded to the motion, the trial court issued its judgment dismissing both counts against appellee. This judgment subsequently became a final order when appellants voluntarily dismissed the remainder of the complaint against Sutliff.

Before this court, appellants have raised one assignment of error for review. Under this assignment, they maintain that the trial court erred in dismissing Count 5 of their complaint because the allegations set forth in that count were sufficient to demonstrate that appellee would not be immune from liability if all of the allegations were subsequently proven at trial. Specifically, appellants contend that appellee would not be immune because, under the allegations in Count 5, the negligent hiring and supervision of Sutliff occurred on school grounds.

R.C. Chapter 2744 governs the tort liability of political subdivisions. R.C. 2744.01(F) states that a school district is a "political subdivision" for the purposes of this chapter. R.C. 2744.02(A)(1) then provides that a political subdivision cannot be found liable for damages caused by an act or omission of the subdivision or one of its employees. However, subsection (B) sets forth five exceptions to the general rule of subsection (A)(1).

In arguing that appellee's motion should have been denied, appellants submit that the fourth exception in subsection (B) was applicable to their claim of negligent hiring and supervision:

"(4) Political subdivisions are liable for injury, death, or loss to persons or property that is caused by the negligence of their employees and that occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function * * *."

Appellants contend that since any decision to hire Sutliff as a substitute teacher would have been made on school grounds, the foregoing exception would apply to their claim of negligent hiring and supervision. However, in interpreting R.C. 2744.02(B), this court has stated that the language of the entire provision supports the conclusion that subsection (B)(4) only applies to the maintenance of governmental property. *Zellman v. Kenston Bd. of Edn.* (1991), 71 Ohio App.3d 287, 593 N.E.2d 392.

More important, even if this court were to accept appellants' interpretation of R.C. 2744.02(B)(4), their claim of negligent hiring and supervision would still be barred under the immunity statute. In addition to the general immunity set forth in R.C. 2744.02(A)(1), R.C. 2744.03(A) delineates six specific instances in which a political subdivision cannot be held liable. R.C. 2744.03(A)(5) provides:

"The political subdivision is immune from liability if the injury, death, or loss to persons or property resulted from *the exercise of judgment or discretion* in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources, unless the judgment or discretion was exercised with *malicious purpose, in bad faith, or in a wanton or reckless manner.*" (Emphasis added.)

In Count 5 of their complaint, appellants did not allege that appellee had acted recklessly, maliciously, or in bad faith; instead, they merely alleged that appellee had acted negligently. If appellants believed that the evidence presented at trial would support a finding of recklessness, maliciousness, or bad faith, they should have alleged it in the complaint. Such an allegation would have changed the nature of their claim against appellee.

In arguing that the allegations in Count 5 were sufficient to state a viable claim under the exception to liability in R.C. 2744.03(A)(5), appellants cite the decision of the Seventh Appellate District in *Zimmerman v. Kalu Canfield Driving Range* (June 10, 1993), Mahoning App. No. 92 C.A. 98, unreported, 1993 WL 205014. In that case, a high school student and her parents sought to recover damages stemming from an eye injury the student had sustained during a gym class at a local driving range. In their claim against the gym teacher and the school board, the student and her parents alleged that the teacher had failed to properly supervise the students while they were at the range. As to this claim, the trial court granted judgment on the pleadings in favor of the teacher and the board, concluding that they were immune from liability.

On appeal, the student and her parents argued that their claim against the teacher should not have been dismissed because the teacher could be subject to liability under R.C. 2744.03(A)(6). This section states that an employee of a political subdivision is not immune from liability if the act or omission causing the injury was done by the employee "with malicious purpose, in bad faith, or in a wanton or reckless manner."

In reversing the dismissal of the claim as to the teacher, the Seventh Appellate District held that even though the claim did not contain a specific allegation of wanton or reckless behavior on the part of the teacher, such an allegation could be reasonably inferred from the general allegations in the claim:

"Although the trial court saw fit to dismiss the complaint as to [the teacher], there is an issue brought up by the complaint as to whether the conduct of [the teacher] was of a wanton or reckless nature. In regards to [the teacher], the complaint alleges in paragraph 3 as follows:

" 'Defendant, Mary Ann McGahagan [the teacher], failed to properly instruct, supervise, and observe said students and failed to maintain a safe environment for her students, including plaintiff, Billie Jo Zimmerman.'

"From this allegation, a claim of wanton and/or reckless conduct can be reasonably inferred." *Zimmerman* at 6.

In reaching this conclusion, that court emphasized that in determining a motion to dismiss under Civ.R. 12(C), the pleadings must be construed liberally in favor of the party against whom the motion is made.

While it is equally true that a complaint must be liberally construed in favor of the plaintiff when a motion to dismiss under Civ.R. 12(B)(6) has been asserted, the holding in *Zimmerman* is still not persuasive in the instant case even if we were convinced it was sound law.

In *Zimmerman*, the claim against the teacher did not contain any allegation concerning the teacher's mental state, *i.e.*, the claim did not allege that the teacher had acted negligently, recklessly, or in bad faith. However, in this case, appellants specifically alleged that appellee had acted *negligently*. Such an allegation necessarily precludes any inference that appellee may have acted maliciously, recklessly, or in bad faith.

In ruling upon appellee's motion to dismiss for failure to state a proper claim, the trial court could only consider the specific allegations in Count 5. Even when they are construed in favor of appellants, these allegations set forth a claim which would be barred under R.C. 2744.03(A)(5). Thus, since the trial court did not err in granting appellee's motion pursuant to Civ.R. 12(B)(6), appellants' sole assignment is without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

JOSEPH E. MAHONEY and NADER, JJ., concur.