### 98–2667. Hubbard v. Canton City School Bd. of Edn.

Stark App. No. 1998CA00089. On review of order certifying a conflict. The court determines that a conflict exists; the parties are to brief the issue stated in the court of appeals' Judgment Entry filed December 7, 1998:

"On November 3, 1998, appellants, the Canton City School Board of Education et al., filed a Motion to Certify Conflict. On November 19, 1998, appellees, Regina Hubbard et al., filed a Motion for Leave to File a Response Instanter. The proposed Response was attached to the Motion. The Motion for Leave to File Instanter is granted, and we have considered appellees' Response to the Motion to Certify Conflict. Upon review of both the Motion to Certify Conflict, the Response, and the cited cases, we find that the Opinion of this Court, filed October 26, 1998, is in conflict with *Doe v. Jefferson Area Local School District* (1994), 97 Ohio App.3d 11 [646 N.E.2d 187], and *Zellerman v. Kenton Board of Education* (1991), 71 Ohio App.3d 287 [593 N.E.2d 392]. We propose the following issue for certification: Is the exception to the political subdivision immunity found in R.C. 2744.02(B)(4),

effective 7/1/89, applicable only to negligence occurring in connection with the maintenance of school property or equipment, or to physical defects within or on the grounds of school property?"