The Village of McArthur ("the Village") appeals the Vinton County Court of Common Pleas' denial of its motion for summary judgment in a tort action brought by Harlis Ray Laferty. The Village contends that R.C. 2744.03(A) grants it immunity from liability for its alleged negligence in hiring and supervising McArthur Police Chief Joseph Drew. We agree. Because the hiring and supervision of Chief Drew constitute discretionary functions in acquiring and determining how to use personnel, and because Laferty did not allege that the Village acted maliciously or recklessly, the Village is immune from liability for its actions pursuant to R.C. 2744.03(A)(5).
The Village also cites R.C. 2744.03(A)(3) in support of its claim that it is immune from liability. Additionally, the Village asserts that the trial court erred in denying its motion for summary judgment as to Laferty's Title 42, Section 1983, U.S. Code ("Section 1983") claim. We dismiss the appeal insofar as it relates to R.C. 2744.03(A)(3) and Section 1983, because the trial court has not issued a final, appealable order regarding those issues.
Accordingly, we reverse the judgment of the trial court, dismiss the remainder of the Village's appeal that involves R.C. 2744.03(A)(3) and Section 1983, and remand this cause to the trial court for further proceedings consistent with this opinion.
 I.
Chief Drew initiated the underlying lawsuit in this case by filing claims against Laferty and others for intentional infliction of emotional distress, assault, fraud, and conspiracy to maliciously prosecute. Laferty counterclaimed, and filed a third party complaint against the Village and against Chief Drew, both in his individual capacity and in his capacity as a representative of the Village.
Laferty alleged in his counterclaim and third party complaint that Chief Drew arrested Laferty on two occasions without having probable cause or a warrant. In the course of these arrests, Chief Drew allegedly committed the torts of assault, battery, false imprisonment, false arrest, and intentional infliction of emotional distress. Laferty asserted that in committing these torts, Chief Drew acted under color of state law, hence in violation of his Section 1983 civil rights. Finally, Laferty alleged that Chief Drew acted with malice, ill will, a spirit of revenge, and a reckless disregard of Laferty's rights.
In his third party complaint, Laferty alleged that the Village "negligently hired Joseph Drew, negligently supervised him, [and] negligently permitted him to wear a badge, uniform, and carry a gun." Laferty further charged that the Village "knew or should have known of the reckless tendencies" of Chief Drew, and that, through its negligence, the Village caused him compensable harm. Finally, Laferty asserted that the Village violated Laferty's civil rights in contravention of Section 1983.
The Village filed a motion for summary judgment and asserted that it is immune from liability for negligence in its discretionary acquisition and use of personnel, facilities and other resources. The trial court denied the Village's motion, finding that in hiring, supervising, and permitting Chief Drew to hold himself out as a police officer, the Village engaged in the implementation of discretionary decisions rather than in making discretionary decisions. The Village's motion for summary judgment did not address Laferty's intentional tort claims against Chief Drew in his capacity as a representative of the Village or Laferty's Section 1983 claim against the Village.
As authorized by R.C. 2744.02(C), the Village appealed the trial court's finding that it is not immune from liability on Laferty's claims. The Village asserts the following assignments of error:
 I. THE VILLAGE OF McARTHUR IS IMMUNE FROM SUIT FOR ITS DECISION TO HIRE CHIEF JOSEPH DREW.
 II. THE COURT OF COMMON PLEAS ERRONEOUSLY RELIED UPON HOWELL V. THE UNION TOWNSHIP TRUSTEES, AN INAPPLICABLE CASE, IN REACHING ITS DECISION.
 III. THE VINTON COUNTY COURT OF COMMON PLEAS ERRED IN FAILING TO GRANT SUMMARY JUDGMENT IN FAVOR OF THE APPELLANT VILLAGE OF McARTHUR AS TO APPELLEE'S SECTION 1983 CLAIM.
 IV. THE VINTON COUNTY COURT OF COMMON PLEAS' FAILURE TO GRANT SUMMARY JUDGMENT IN FAVOR OF APPELLANT WAS AN ERROR AND IGNORED THE APPLICABLE STANDARD FOR SUCH MOTIONS.
 II.
The Village asserts in its first, second and fourth assignments of error that the trial court erred by failing to recognize that it is immune from liability for the negligent hiring and supervision of Chief Drew. Specifically, the Village asserts that its discretionary decisions are protected, that hiring a police chief is discretionary, and that the trial court erroneously relied upon a case which involved only non-discretionary decisions. Additionally, the Village asserts that the trial court erred by failing to recognize that, because Laferty merely alleged that the Village was negligent, not reckless or wanton, in its hiring and supervision of Chief Drew, Laferty did not meet his burden to survive summary judgment. Laferty asserts that the trial court correctly ruled that the Village is not entitled to immunity because hiring, supervising, searching and arresting are not discretionary activities, and because genuine issues of material fact remain for trial.
Summary judgment is appropriate only when it has been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(A). See Bostic v. Connor (1988),37 Ohio St.3d 144, 146; Morehead v. Conley (1991), 75 Ohio App.3d 409,411. In ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in the opposing party's favor. Doe v. First United MethodistChurch (1994), 68 Ohio St.3d 531, 535.
In reviewing whether an entry of summary judgment is appropriate, an appellate court must independently review the record and the inferences which can be drawn from it to determine if the opposing party can possibly prevail.Morehead, 75 Ohio App.3d at 411-12. "Accordingly, we afford no deference to the trial court's decision in answering that legal question." Id. See, also, Schwartz v. Bank-One, Portsmouth,N.A. (1992), 84 Ohio App.3d 806, 809.
The Village asserts that it is immune from liability for its decisions in hiring and supervising Chief Drew. R.C.2744.03(A)(5) provides that a subdivision is immune from liability if the plaintiff's alleged loss "resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, * * * personnel, facilities, and other resources unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner." Doe v. Jefferson Area School Dist. (1994), 97 Ohio App.3d 11,13.
Political subdivision immunity only extends to activities which involve weighing alternatives or making decisions involving a high degree of official judgment or discretion.Enghauser Mfg. Co. v. Eriksson Engineering Ltd. (1983), 6 Ohio St.3d 31, paragraph two of the syllabus. A discretionary activity is one which involves more than simple day-to-day decision making. Winwood v. Dayton (1988), 37 Ohio St.3d 282,284. To qualify for immunity, the subdivision's function must require it to weigh multiple considerations, "not merely to 'rubber stamp' [a proposal] found to be in compliance with all requisite technical requirements." Id. at 284.
As the trial court noted, while political subdivisions are immune from liability stemming from their discretionary decisions, they are not immune from liability arising from negligence in implementing those discretionary decisions.Howell v. Union Township Trustees (March 18, 1997), Scioto App. No. 96CA2430, unreported, citing Reynolds v. State (1984),14 Ohio St.3d 68. In Howell, this court determined that the Union Township Trustees exercised their discretion in deciding to use oil, rather than another substance, to control dust on the roads. However, where standards governing the proper amount of oil and method of application existed, the trustees were liable for negligence in the application of the oil to the road. Id.
The Village's acts challenged in this case are: (1) determining who would best serve the Village as police chief, (2) supervising the police chief, and (3) permitting the police chief to wear or carry a uniform, badge, and gun. The Village asserts that these activities involve weighing alternatives and making decisions requiring a high degree of official judgment. Further, the Village asserts that these activities are unlike those challenged in Howell, because they require the Village to do more than merely rubber stamp decisions governed by established standards. Finally, the Village notes that it cannot be held liable for its discretionary acts unless a plaintiff alleges it acted recklessly or wantonly.
The decision to hire or promote one individual over another, particularly to a post conferring the high degree of power held by a police chief, involves considering strengths and weaknesses of each individual candidate and requires a high degree of official judgment in selecting the best qualified candidate. A police chief is permitted to wear a uniform and badge and carry a gun by virtue of his position as police chief, and therefore the activity is encompassed within the discretionary hiring decision. By selecting an individual to hold the highest law enforcement position in the subdivision, the subdivision implicitly grants that individual a high degree of discretion, review of which we find requires an equally high degree of discretion.
Because the hiring and supervision of Chief Drew are activities which involve the Village's exercise of discretion in the acquisition and use of personnel, the Village is immune from liability for those actions, unless the Village exercised its discretion with malicious purpose, in bad faith, or in a wanton or reckless manner. R.C. 2744.03(A)(5); Doe v. JeffersonArea School Dist., 97 Ohio App.3d at 13. In his complaint, Laferty specifically alleged that the Village acted negligently. Thus, even when construing the facts in the light most favorable to Laferty, we cannot find that the Village acted maliciously or recklessly. See Id. at 15.
Accordingly, we find that the Village is entitled to summary judgment on Laferty's claims that it negligently hired and supervised Chief Drew.
 III.
The Village also cites R.C. 2744.03(A)(3) to support its contention that it is immune from liability for its decision to hire Chief Drew. Additionally, the Village asserts that Laferty failed to allege sufficient facts to support a Section 1983 claim. We dismiss the appeal as to each of these issues for lack of a final, appealable order.
It is axiomatic that appellate courts do not address errors which were assigned and briefed but which were never raised in the trial court. See In re Adoption of Lassiter (1995),101 Ohio App.3d 367, 372, citing Republic Steel Corp. v. CuyahogaCty. Bd. of Revision (1963), 175 Ohio St. 179. Appellate courts in Ohio have jurisdiction to review the "final orders" or judgments of inferior courts within their district. Section3(B)(2), Article IV of the Ohio Constitution, R.C. 2501.02 and 2505.03. If an order is not final and appealable, an appellate court lacks jurisdiction to decide the appeal. Noble v. Colwell
(1989), 44 Ohio St.3d 92, 94. We are required to raise jurisdictional issues sua sponte and dismiss an appeal which is not taken from a final appealable order. Whitaker Merrill v.Geupel Co. (1972), 29 Ohio St.2d 184, 186.
A "final order" is defined as one that affects a substantial right and either determines the action or is entered in a special proceeding. R.C. 2505.02. Generally, if a trial court has rendered a judgment with respect to fewer than all of the parties or fewer than all of the claims in an action, the order must comply with Civ.R. 54(B) and include the "no just reason for delay" language in order to be deemed a "final order."Noble, supra, at syllabus. Chef Italiano Corp. v. Kent StateUniv. (1989), 44 Ohio St.3d 86, 88. However, an exception arises when the issue before the court involves political subdivision immunity. Pursuant to R.C. 2744.02(C), "[a]n order that denies a political subdivision * * * the benefit of an alleged immunity as provided in Chapter 2744 * * * is a final order."
 A.
The Village cited R.C. 2744.03(A)(3) in support of its contention that it is immune from liability on Laferty's negligence claim. R.C. 2744.03(A)(3) provides that a political subdivision is immune from liability "if the action or failure to act by the employee involved that gave rise to the claim of liability was within the discretion of the employee * * * ." By its plain language, R.C. 2744.03(A)(3) applies to claims stemming from the actions of subdivision employees, not to claims stemming from the actions of the subdivision itself. See, also, Nungester v. Cincinnati (1995), 100 Ohio App.3d 561,566. Thus, R.C. 2744.03(A)(3) does not apply to the Village's hiring decision.
We recognize that Laferty sued Chief Drew both personally and in his official capacity as a representative of the Village. However, while the Village cited R.C. 2744.03(A)(3) in its motion for summary judgment, it did not assert that it is immune from liability for Chief Drew's actions. Further, the trial court did not address R.C. 2744.03(A)(3) in denying the Village's motion for summary judgment. On appeal, the Village again cited R.C. 2744.03(A)(3) in its brief, but failed to state an assignment of error or argue the viability of an immunity defense to Laferty's claims against Chief Drew in his representative capacity.
Pursuant to App.R. 12(A)(2), we need not address an assignment of error which the appellant failed to specifically set forth or argue separately. However, even if the Village had properly raised R.C. 2744.03(A)(3) immunity on appeal, we would decline to consider the issue for lack of a final, appealable order.
In this case, we possess jurisdiction to review the trial court's denial of the Village's motion for summary judgment on Laferty's negligence claim because the trial court denied the Village's alleged immunity from liability on that claim. See R.C. 2744.02. However, the Village never alleged that it is immune from liability on Laferty's claim for the allegedly malicious actions Chief Drew took in his capacity as an agent of the Village. Thus, the trial court did not address the Village's immunity from such a claim in its entry. Because no order exists regarding the Village's immunity from such a claim, there is no final order upon which we can base our jurisdiction. Therefore, we must dismiss the Village's appeal to the extent that it encompasses a claim of immunity under R.C. 2744.03(A)(3).
 B.
In its third assignment of error, the Village asserts that the trial court erred by failing to grant the Village summary judgment on Laferty's Section 1983 claim. However, in its motion for summary judgment and supporting memorandum, the Village did not mention Laferty's Section 1983 claim. Instead, the Village devoted its entire argument to its claim that it is immune from liability pursuant to R.C. 2744.03(A)(5). Ohio's sovereign immunity statute, including R.C. 2744.03, does not bar actions brought under federal civil rights laws such as Section 1983. Brewer v. Cleveland City Schools (1997), 122 Ohio App.3d 378,383, citing Wohl v. Cleveland Bd. of Educ. (1990),741 F. Supp. 688. The Village asserts on appeal that Laferty failed to allege sufficient facts to establish a Section 1983 claim.
Because neither the Village nor the trial court raised or addressed any issues concerning Laferty's Section 1983 claim in the trial court, we find that no final, appealable order exists upon which we may base our jurisdiction. Accordingly, we dismiss this appeal as to the Village's claim that the trial court erred by failing to dismiss Laferty's Section 1983 claim against the Village.
 IV.
In conclusion, we find that the trial court erred as a matter of law by denying the Village's motion for summary judgment for negligent hiring and supervision. We dismiss the appeal regarding the Village's immunity from Laferty's claims brought against Chief Drew in his capacity as a representative of the Village for lack of a final, appealable order on the matter. Likewise, we dismiss the appeal regarding the Village's defenses of immunity or failure to state a claim on Laferty's Section 1983 claim for lack of a final, appealable order.
Accordingly, we reverse the judgment of the trial court, dismiss the appeal that involves R.C. 2744.03(A)(3) and Section 1983, and remand this cause for further proceedings consistent with this opinion on all remaining issues.
JUDGMENT REVERSED IN PART, APPEAL DISMISSED IN PART, ANDCAUSE REMANDED.