OPINION
On November 20, 1996, appellants, Regina Hubbard, individually and as mother and guardian for minor Demitria Hubbard, and Charlotte Davis, individually and as mother and guardian for minor Sharita Davis, filed a complaint against Milton Dave and appellees, the Canton City School Board of Education and the Canton City Schools. The complaint alleged the minors were sexually assaulted by Mr. Dave, a teacher at Hartford Middle School in the Canton City School District. The complaint alleged that appellees knew, or should have known, that Mr. Dave had developed a history of improper sexual contact with school children. The complaint set forth ten causes of action: violation of the parental relationship, negligent hiring/retaining/supervision of appellee Dave, negligent training on how to report sexual abuse, loss of consortium, breach of contract, educational malpractice, intentional infliction of emotional distress, negligent infliction of emotional distress and failure to provide counseling. On July 25, 1997, appellees filed a motion for summary judgment based upon sovereign immunity. By judgment entry filed March 25, 1998, the trial court granted summary judgment to appellees on all of the claims except negligent retention and supervision and intentional infliction of emotional distress. On July 3, 2000, appellees renewed their motion for summary judgment on the remaining claims. By judgment entry filed September 14, 2000, the trial court granted said motion. Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE LOWER COURT ERRED IN DETERMINING AS A MATTER OF LAW UPON SUMMARY JUDGMENT THAT DEFENDANTS ARE IMMUNE UNDER R.C. 2744.02(B)(4) FROM LIABILITY ON PLAINTIFFS' CLAIM OF NEGLIGENT SUPERVISION/RETENTION.
 II THE LOWER COURT ERRED IN DETERMINING AS A MATTER OF LAW UPON SUMMARY JUDGMENT THAT PLAINTIFFS' CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS IS BARRED BY SOVEREIGN IMMUNITY.
 I, II
Appellants claim the trial court erred in finding appellees were immune from liability. We disagree. In addressing the issue of sovereign immunity, we must make four inquiries. First, are appellees political subdivisions? Second, were appellees engaged in a governmental function or a proprietary function? Third, do any of the exceptions to general immunity under R.C. 2744.02(B) apply? Lastly, are appellees entitled to a defense or qualified immunity under R.C. 2744.03(A)? Clearly and undisputedly appellees are political subdivisions and the hiring of teachers is a governmental function. See, R.C. 2744.01(F) and R.C.2744.01(C)(2)(c). R.C. 2744.02(B) provides for exceptions to general immunity. The specific subsection for consideration under the facts sub judice is (B)(4) which stated at the time the instant action arose the following: Political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 292.01 of the Revised Code.
Although this section was later amended by H.B. No. 350 which was then found to be unconstitutional by State ex rel. Ohio Academy of Trial Lawyers v. Sheward (1999), 86 Ohio St.3d 451, we need not address the legislative amendments and cases because the case sub judice was filed on November 20, 1996, prior to the enactment of H.B. 350 (January 27, 1997). Therefore, we must address the statute's meaning in the pre-H.B. No. 350 version. We concede at the outset that this court has interpreted R.C. 2744.02(B)(4) differently. In Kaderly v. Blumer (October 15, 1996), Stark App. No. 1996CA00022, unreported, we found the following: We find as our sister court found in Zellman v. Kenston Board of Education (1991), 71 Ohio App.3d 287, this exception [R.C. 2744.02(B)(4)] is a premise liability exception to sovereign immunity. We conclude as the Zellman court did, `[i]f appellants' interpretation of (B)(4) [premise liability] was correct, then there would be no need for (B)(2) [liability for proprietary function acts].' Basically, government operates within buildings, and every decision of government occurs because of the public meeting laws within buildings used for governmental functions. If we were to adopt appellants' position, there would be no governmental immunity. We find R.C. 2744.02(B)(4) does not apply.
In Anderson v. Indian Valley School District (March 22, 1999), Tuscarawas App. Nos. 1998AP120123 and 1998AP120124, unreported, and in Hubbard, supra, we did not follow this court's previous decision in Kaderly. We chose to stay with the plain meaning of the words of the statute: Because a pep rally during football season is a governmental function as it applies to providing public education and because the pep rally sub judice was `within or on the grounds of buildings that are used in connection with the performance of a governmental function' we find R.C. 2744.02(B)(4) applies.
Anderson at 5.
At the time the alleged acts in the instant case occurred, the plain language of R.C. 2744.02(B)(4) provided that the injury need only be caused by the negligence of the employees of the political subdivision, and occur within or on the grounds used in connection with the performance of a governmental function. * * * The instant case falls squarely within the plain language of R.C. 2744.02(B)(4), and therefore, the court did not err in concluding that appellants were not immune from liability on appellees' action for negligent retention and supervision.
Hubbard at 5-6.
Therefore we must resolve the conflict within our own district. We find the approach adopted in Kaderly to be the correct approach. The grant of sovereign immunity was reinstated by the Ohio General Assembly with the passage of R.C. 2744.01 et seq. Using strict interpretation of the language of R.C. 2744.02(B)(4), the Ohio General Assembly extricated all sovereign immunity when government acts with a building. We find such an interpretation to be incorrect. Why would the legislature pass a complicated sovereign immunity statutory scheme and erase it all with one subdivision? We therefore conclude that appellees are entitled to sovereign immunity under the facts of this case. With sovereign immunity having been sustained by the operation of R.C. 2744.02(B)(4), we do not need to address the defenses to immunity granted by R.C. 2744.03(A). Assignments of Error I and II are denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
 ______________________ Farmer, J.
Gwin, P.J. and Wise, J. concur.