OPINION
{¶ 1} This case is before the court on Plaintiff-Appellant Jackie Thayer's direct appeal from a July 13, 2003 trial court decision granting summary judgment in favor of Defendants-Appellees the West Carrollton Board of Education, the school superintendent, and several individual school board members (hereinafter collectively referred to as "the Board").
 {¶ 2} On April 1, 2003 Thayer filed a three-count complaint against the Board alleging intentional tort, a failure of the duty to provide a safe work environment, and negligent or fraudulent concealment. Thayer alleged that the Board learned in 1999 of the presence of a dangerous, hazardous organic matter (in the form of mold) in two of the school buildings, due to physical defects in the buildings. She claimed that the Board neither acted to remove the mold, nor to prevent the growth of more mold. Furthermore, Thayer alleged that the Board failed to inform employees of the mold, but instead required them to continue working in the two affected buildings. Thayer learned of the presence of the mold in 2001, after she had already become ill. Thayer stated that as a result of her continued exposure to high levels of biological toxins, she is unable to work and she has incurred and will continue to incur medical expenses.
 {¶ 3} The Board filed a motion for summary judgment arguing sovereign immunity, to which Thayer replied. The trial court granted the Board's motion for summary judgment in its entirety. Thayer filed a motion for reconsideration, to which the Board quickly responded. The trial court overruled the motion. Thayer filed a timely notice of appeal.
 {¶ 4} Thayer's first three assignments of error present alternative arguments as to why the trial court erred in granting summary judgment in favor of the Board. All of her arguments center on whether the Board should benefit from sovereign immunity, and the same standards apply to all three claims.
 {¶ 5} The determination of whether a political subdivision is immune from liability is a question of law, and therefore is properly determined prior to trial, preferably on a motion for summary judgment. Conley v. Shearer (1992), 64 Ohio St.3d 284,292, 595 N.E.2d 862, citations omitted. Thus, the issue of sovereign immunity was properly presented to the trial court.
 {¶ 6} Summary judgment pursuant to Civ.R. 56 should be granted only if no genuine issue of fact exists, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, which conclusion is adverse to the nonmoving party. Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46. When considering a motion for summary judgment, the evidence must be construed in favor of the nonmoving party. Id. Moreover, it is well established that an appellate court reviews summary judgments de novo, independently and without deference to the trial court's determination. Koos v. Cent. Ohio Cellular, Inc. (1994),94 Ohio App.3d 579, 588, 641 N.E.2d 265.
 {¶ 7} Thayer's first assignment of error:
 {¶ 8} "The trial court failed to properly evaluate plaintiff's complaint under the three tier analysis of r.c. 2744 where plaintiff alleged her injury fell within the exception of O.R.C. 2744.02(B)(4) as occurring on the premises and due to a defect in the premises."
 {¶ 9} Thayer's second assignment of error:
 {¶ 10} "The trial court erred in granting defendant's motion under rule 12(C) because R.C. 2744.02 immunity does not apply to intentional torts, and even if it does, it does not protect the superintendent nor the board members sued in their individual capacity."
 {¶ 11} In her first assignment of error, Thayer argues that the Board was not entitled to immunity because of the exception found in R.C. § 2744.01(B)(4). Similarly, Thayer claims in her second assignment of error that immunity does not apply to intentional torts. Accordingly, she concludes that the trial court erred in granting summary judgment in the Board's favor. For the following reasons, we disagree.
 {¶ 12} In Chapter 2744 the legislature established a tri-part analysis in order to determine whether a political subdivision is immune from liability. See, e.g., Carter v. City of Cleveland
(1998), 83 Ohio St.3d 24, 28, 697 N.E.2d 610. First, R.C. §2744.02(A) sets forth the general rule of immunity stating: "Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." Once immunity is established under R.C.2744.02(A)(1), the second tier of analysis is whether any of the five exceptions set forth in subsection (B) apply. Finally, if an exception is found, immunity can still be reinstated if the political subdivision can successfully argue that one of the defenses contained in R.C. § 2744.03 applies.
 {¶ 13} Here neither party has ever denied that the Board is a political subdivision under R.C. §§ 2744.01(F) and2744.01(C)(2)(c), and therefore, the Board would ordinarily be entitled to immunity and not be liable in damages. Thus, we next turn to the exceptions to immunity found in R.C. § 2744.01(B).
 {¶ 14} Thayer sought to overcome immunity under R.C. §2744.01(B)(4), which states: "[P]olitical subdivisions are liable for injury . . . caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function. . . ." (Emphasis added). It is clear that by its very language, R.C. § 2744.01(B)(4) applies to cases where injury results from negligence. Hubbard v. Canton City School Bd. ofEduc., 97 Ohio St.3d 451, 2002-Ohio-6718, syllabus. Because an intentional tort is not the result of negligence, an intentional tort is not an exception to the broad immunity generally enjoyed by political subdivisions. See, e.g., Ellithorp v. BarbertonCity School Dist. Bd. of Educ. (July 9, 1997), Summit App. No. 18029, appeal not allowed 80 Ohio St.3d 1445, 686 N.E.2d 273.
 {¶ 15} Additionally, relying on the Supreme Court's decision in Brady v. Safety-Kleen Corp. (1991), 61 Ohio St.3d 614,576 N.E.2d 722, we have held that because intentional torts do not arise out of the employment relationship, a political subdivision is immune from intentional tort claims by an employee. Schmitzv. Xenia Bd. of Educ. (Jan. 17, 2003), Greene App. No. 2002-CA-69, citing Stanley v. City of Miamisburg (Jan. 28, 2000), Montgomery App. No. 17912, in turn citing Brady, supra, at 634. See, also, Blankenship v. Cincinnati Milacron Chemicals,Inc. (1982), 69 Ohio St.2d 608, 433 N.E.2d 572. After Brady,
supra, the Supreme Court again stated that there are no exceptions to immunity for intentional torts. Wilson v. StarkCty. Dept. of Human Services, 70 Ohio St.3d 450, 452,1994-Ohio-394.
 {¶ 16} Furthermore, at least five other districts (the First, Seventh, Eighth, Ninth, and Eleventh) have also applied Brady,
supra, and held that political subdivisions are immune from suit for damages caused by an intentional tort. Sabulsky v. TrumbullCty. (Dec. 27, 2002), Trumbull App. No. 2001-T-0084; Chase v.Brooklyn City School Dist. (2001), 141 Ohio App.3d 9,749 N.E.2d 798, appeal not allowed 91 Ohio St.3d 1529, 747 N.E.2d 253;Fabian v. Steubenville (Sept. 28, 2001), Jefferson App. No. 00 JE 33; Engleman v. Cincinnati Bd. of Educ. (June 22, 2001), Franklin App. No. C-000597; Bays v. Northwestern Local SchoolDist. (July 21, 1999), Wayne App. No. 98CA0027; Ellithorp,
supra.
 {¶ 17} Nevertheless, Thayer argues that the Supreme Court has effectively reversed itself in Penn Traffic Co. v. AIU Ins.Co., 99 Ohio St.3d 227, 2003-Ohio-3373. However, the PennTraffic Court did not specifically overrule Brady, supra. Instead, the Court took care to specifically limit its holding inPenn Traffic to situations involving the applicability of recovery under a private insurance policy. Penn Traffic, supra, at ¶¶ 40-41. Therefore, Brady, supra, remains good law, and we take this opportunity to reaffirm our own holdings in Stanley
and Schmitz. We believe that our holdings in these cases further "[t]he manifest statutory purpose of R.C. Chapter 2744 [which] is the preservation of the fiscal integrity of political subdivisions." Wilson, supra, at 453.
 {¶ 18} Finally, Thayer insists that immunity can be overcome and that liability exists under R.C. § 2744.03. However, that section does not provide an alternative method of overcoming the general rule of immunity, but rather a means to possibly resurrect immunity if an exception has been established.Engleman, supra, citing Franks v. Lopez (1994),64 Ohio St.3d 345, 347, 632 N.E.2d 502. See, also, Carter, supra. Here, R.C. § 2744.03 does not come into play. Because no exception was found under R.C. § 2744.01(B), immunity remained intact, and the trial court did not need to address potential resurrection of immunity under R.C. § 2744.03.
 {¶ 19} For the foregoing reasons, we hold that the trial court did not err in granting summary judgment in favor of the Board. Accordingly, Thayer's first two assignments of error fail.
 {¶ 20} Thayer's third assignment of error:
 {¶ 21} "The trial court erred in ruling that the statutory duty in r.c. 4101.11 requires that an employer provide a safe work place for its employees does not meet the statutory exceptions of R.C. 2744.02(B)(5)."
 {¶ 22} Here Thayer alleges that the Board failed to provide a safe work place for its employees as required by R.C. § 4101.11. She further argues that the Board's failure to do so provides an exception to immunity pursuant to R.C. 2744.01(B)(5). We disagree.
 {¶ 23} Revised Code Section 2744.01(B)(5) states: "[A] political subdivision is liable for injury . . . when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code. . . . Civil liability shall not be construed to exist . . . merely because that section imposes a responsibility or mandatory duty upon a political subdivision, because that section provides for a criminal penalty, because of a general authorization in that section that a political subdivision may sue or be sued, or because that section uses the term `shall' in a provision pertaining to a political subdivision." The Ohio Supreme Court has held that R.C. §2744.01(B)(5) only serves as an exception when a statute specifically and explicitly imposes liability. Butler v.Jordan, 92 Ohio St.3d 354, 357, 2001-Ohio-204. Thus, we turn to the language of R.C. § 4101.11. That section states: "Every employer shall furnish employment which is safe for the employees engaged therein, shall furnish a place of employment which shall be safe for the employees therein and for frequenters thereof, shall furnish and use safety devices and safeguards, shall adopt and use methods and processes, follow and obey orders, and prescribe hours of labor reasonably adequate to render such employment and places of employment safe, and shall do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees and frequenters."
 {¶ 24} Clearly, R.C. § 4101.11 establishes a requirement that employers provide a safe work place. However, although R.C. §4101.11 establishes a responsibility, it does not expressly impose liability for a failure to meet the responsibility. "[L]iability is not to be found to exist simply because aresponsibility is imposed." Zellman v. Kenton Bd. of Educ.
(1991), 71 Ohio App.3d 287, 290, 593 N.E.2d 392, emphasis in original.
 {¶ 25} Because R.C. § 4101.11 does not expressly establish liability, the R.C. § 2744.01(B)(5) exception is inapplicable in this case. Therefore, the trial court did not err in granting summary judgment in favor of the Board. Thayer's third assignment of error is overruled.
 {¶ 26} Thayer's fourth assignment of error:
 {¶ 27} "The trial court's decision that an intentional tort occurring within the premises of a political subdivision and due to a defect in the premises is immune from suit under R.C. 2744 is unconstitutional."
 {¶ 28} Finally, Thayer claims that R.C. § 2744 is unconstitutional. However, she failed to properly present this issue in her complaint in the trial court, but instead raised it first in her response to the Board's motion for summary judgment. Therefore, the issue was not properly before the trial court, and it has not been preserved for appeal. See, e.g., Cicco v.Stockmaster, 89 Ohio St.3d 95, 2000-Ohio-434. Accordingly, Thayer's fourth assignment of error is overruled.
 {¶ 29} The judgment of the trial court is affirmed.
Fain, P.J. and Wolff, J., concur.