687 S.E.2d 403

**WANG–YU LIN, Plaintiff Below, Appellee**

v.

**SHIN YI LIN, Enterprise Rent a Car of Kentucky, a Kentucky Corporation, and Empire Fire and Marine Insurance Company, a Nebraska Corporation, Defendants Below.**

**Enterprise Rent a Car of Kentucky and Marine Insurance Company, Appellants.**

No. 34596.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 9, 2009.

Decided Nov. 25, 2009.

Thomas V. Flaherty, Esq., Erica M. Baumgras, Esq., Flaherty, Sensabaugh & Bonasso, Charleston, WV, for Appellants.

William M. Tiano, Esq., Christina Smith, Esq., Berthold, Tiano & O'Dell, Shawn A. Taylor, Esq., Charleston, WV, for Appellee.

PER CURIAM:

This is an appeal by Enterprise Rent A Car of Kentucky and Empire Fire and Ma-

rine Insurance Company from a March 19, 2008, order of the Circuit Court of Kanawha County that granted a declaratory judgment on behalf of the appellee, Wang–Yu Lin. The court found that a supplemental liability insurance policy purchased by Mr. Lin from Empire Fire and Marine Insurance Company, at the time Mr. Lin rented a vehicle from Enterprise Rent A Car of Kentucky, provides coverage to Mr. Lin for injuries he suffered in an accident involving the rental vehicle. For the reasons provided below, we affirm the ruling of the circuit court.

## I.

### FACTS

The appellee, Wang–Yu Lin, a student at Salem International University, leased a vehicle from Appellant Enterprise Rent A Car of Kentucky ("Enterprise") at its Clarksburg, West Virginia office. A copy of the rental contract with Enterprise indicates that Mr. Lin did not request to add any additional authorized drivers to the contract.[1] At the time of the rental, Mr. Lin purchased a $1,000,000 Supplemental Liability Policy issued by Appellant Empire Fire and Marine Insurance Company ("Empire"). Specifically, Mr. Lin signed the portion of the contract indicating that "RENTER ACCEPTS OPTIONAL SUPPLEMENTAL LIABILITY PROTECTION (SLP) AT FEE SHOWN IN COLUMN TO RIGHT. SEE NOTICE BELOW AND PAGE 3, PARAGRAPH 17." At paragraph 17 of page 3 of the 4 page rental agreement, there is a summary of the supplemental policy benefits and exclusions.[2] Mr. Lin was not provided a copy of the supplemental policy.

1. The portion of the rental contract pertaining to additional authorized drivers provides:

    ADDITIONAL AUTHORIZED DRIVER(S)—EXCEPT AS REQUIRED BY LAW, NONE PERMITTED WITHOUT OWNER'S WRITTEN APPROVAL.

    I REQUEST OWNER'S PERMISSION TO ALLOW *NO OTHER DRIVER PERMITTED* WHO IS UNDER MY CONTROL AND DIRECTION TO DRIVE VEHICLE FOR ME AND ON MY BEHALF. I AM RESPONSIBLE FOR THEIR ACTS WHILE THEY ARE DRIVING, AND FOR FULFILLING TERMS AND CONDITIONS OF THIS RENTAL AGREEMENT (**AGREEMENT**). USE OF VEHICLE BY AN UNAUTHORIZED DRIVER WILL AFFECT MY LIABILITY AND RIGHTS UNDER THIS AGREEMENT.

    Under Additional Terms and Conditions, the Rental Agreement further states as follows:

    4. *Limits on Use and Termination of Right to Use.*

    a. Renter agrees to the following limits on use:

    (1) Vehicle shall not be driven by any person other than Renter or AAD(s) without Owner's prior written consent.

2. A summary of the supplemental policy benefits as they appear in the rental agreement provides:

    17. *Optional Supplemental Liability Protection.*

    THE PURCHASE OF SUPPLEMENTAL LIABILITY PROTECTION IS OPTIONAL AND NOT REQUIRED IN ORDER TO RENT A VEHICLE.

    THIS IS A SUMMARY ONLY AND IS SUBJECT TO ALL PROVISIONS, LIMITATIONS, EXCEPTIONS AND EXCLUSIONS OF THE SLP POLICY ISSUED BY EMPIRE FIRE AND MARINE INSURANCE COMPANY. UPON REQUEST, A COPY OF THE POLICY IS AVAILABLE FOR REVIEW. SLP MAY PROVIDE A DUPLICATION OF COVERAGE ALREADY FURNISHED UNDER A PERSONAL INSURANCE POLICY, OR SOME OTHER SOURCE. OWNER'S EMPLOYEES, AGENTS OR ENDORSEES ARE NOT QUALIFIED TO EVALUATE THE ADEQUACY OF RENTER'S EXISTING COVERAGE.

    *SLP BENEFITS:*

    Optional Supplemental Liability Protection (**SLP**) provides Renter with minimum financial responsibility limits as outlined in the applicable motor vehicle financial responsibility laws of the state where Vehicle is operated AND excess insurance provided by Empire Fire and Marine Insurance Company, which supplies Renter and AAD(s) with third-party liability protection with a combined single limit per accident equal to the difference between the minimum financial responsibility limits set forth above and $1,000,000 Combined Single Limit per accident. SLP will respond to third party accident claims that result from bodily injury, including death, and property damage that arise from the use or operation of Vehicle as permitted in this Agreement. The Empire Fire and Marine insurance policy does not provide coverage for any loss arising from the use or operation of Vehicle in Mexico. SLP is available for an additional charge as stipulated on Page 1.

    A summary of exclusions are provided in the rental agreement as follows:

    *SLP EXCLUSIONS*

During the trip in the rental vehicle, Mr. Lin permitted a passenger, Shin Yi Lin, to drive the vehicle.[3] Shortly thereafter, the vehicle was involved in a one-car accident wherein Mr. Lin, a passenger in the vehicle, sustained a serious head injury and subsequently incurred approximately $300,000 in medical expenses.

Mr. Lin presented a claim to Empire for coverage under the supplemental policy.[4] Empire denied Mr. Lin's claim for coverage based on the fact that Shin Yi Lin who was driving the vehicle at the time of the accident was not named as an additional authorized driver on the Enterprise rental contract. As a second basis for denial, Empire asserted that Mr. Lin cannot make a claim on an insurance policy which he purchased based on an insured exclusion.

Thereafter, Mr. Lin filed a declaratory judgment action in the Circuit Court of Kanawha County seeking a declaration of coverage under the supplemental policy. The parties filed cross motions for summary judgment. By order dated March 19, 2008, the circuit court granted summary judgment in favor of Mr. Lin finding that coverage is provided to him. Specifically, the circuit court found that the omnibus insurance statute, W. Va.Code § 33–6–31(a), affords coverage to any person using a vehicle with the named insured's permission, and, under the instant facts, Shin Yi Lin was a permissive user inasmuch as Mr. Lin permitted her to drive the vehicle. Also, the court found that Empire cannot rely on the insured exclusion because the exclusion must specifically designate the name of the excluded driver to be effective under W. Va.Code § 33–6–31(a), and the restrictive endorsement must be attached to the policy.[5] Enterprise and Empire now appeal the circuit court's March 19, 2008, order.

## II.

### STANDARD OF REVIEW

■ Our review of the circuit court's summary judgment order is *de novo.* Syllabus Point 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994).

## III.

### DISCUSSION

■ The sole issue before this Court is whether the circuit court erred in declaring

For all exclusions, see the SLP policy issued by Empire Fire and Marine Insurance Company. Here are a few key exclusions: (a) Loss arising out of an accident which occurs while Renter or AAD(s) is under the influence of alcohol or drugs, or other substances unless prescribed by a physician; (b) Loss arising out of bodily injury or property damage sustained by Renter or AAD(s) or any relative or family member of Renter or AAD(s) who resides in the same household; (c) Loss arising out of the operation of Vehicle by any driver who is not Renter or AAD(s); (d) Liability arising out of or benefits payable under any uninsured or underinsured motorist law, in any state; (e) Liability arising out of or benefits payable under any first party benefit law, medical payments, no-fault or any similar law to the foregoing, in any state; (f) Bodily injury to an employee or the spouse, child, parent, brother or sister of that employee, arising out of and in the course of employment by Renter or AAD(s); (g) Property damage to property transported or in the care, custody or control of Renter or AAD(s); (h) Damage to Vehicle; (i) Liability arising out of the use of Vehicle, which was obtained based on false, misleading or fraudulent information; (j) Loss arising out of the use of Vehicle when such use is otherwise in violation of the terms and conditions of the Rental Agreement. (Bold in original).

3. Ms. Lin is of no relation to Mr. Lin.

4. As a self-insurer under this State's Motor Vehicle Safety Responsibility Law at W. Va.Code § 17D–2A–3(d)(2) (2006), Enterprise is responsible for the first $20,000.00 of coverage of Mr. Lin's claim. The supplemental policy at issue provides coverage above the statutory mandatory minimum limits of coverage. Although Mr. Lin appears to contest this fact in his brief to this Court, the circuit court found in its summary judgment order that Enterprise is responsible for the first $20,000 of coverage available for Mr. Lin's claim, and Mr. Lin offers no evidence to dispute this finding.

5. The circuit court also found as bases for its decision that the terms and conditions of the supplemental policy were not made conspicuous, plain, and clear to Mr. Lin. Also, the Enterprise employee who sold the policy to Mr. Lin had not been trained with respect to the solicitation and sale of the Empire policy which is a statutory requirement. We do not find it necessary to review these findings of the circuit court.

that Mr. Lin is covered under the supplemental policy at issue based upon the record and the legal arguments before it. As noted above, the circuit court found that the omnibus insurance statute, W. Va.Code § 33–6–31(a), prevents the appellants from denying coverage based on the fact that Shin Yi Lin was not an additional authorized driver under the rental contract at the time of the automobile accident. This Court believes that the applicability of W. Va.Code § 33–6–31(a) to automobile rental insurance is questionable in light of the Legislature's enactment of W. Va.Code § 33–12–32 (2004), which pertains to limited licenses for rental companies. Specifically, W. Va.Code § 33–12–32(h)(4)(B) provides:

> (4) The limited licensee to sell automobile rental coverage may offer or sell insurance only in connection with and incidental to the rental of vehicles, whether at the rental office or by preselection of coverage in a master, corporate, group rental or individual agreements in any of the following general categories....
>
> (B) Liability insurance (which may include uninsured and underinsured motorist coverage whether offered separately or in combination with other liability insurance) that provides coverage, as applicable, to renters and other authorized drivers of rental vehicles for liability arising from the operation of the rental vehicle[.]

Mr. Lin now argues, however, and this Court agrees, that the appellants have waived their argument relating to W. Va.Code § 33–12–32, by failing to raise it before the circuit court and by raising it for the first time on appeal.[6]

The appellants reply that they are not changing their legal theory or asserting a new argument on appeal. They also contend that both Mr. Lin in his summary judgment pleading and the circuit court in its summary judgment order cited W. Va.Code § 33–12–32 for the proposition that the Enterprise employee who sold the policy to Mr. Lin had not been given the proper training with respect to the sale of the liability insurance policy. The appellants conclude that Mr. Lin cannot rely on a certain provision in W. Va.Code § 33–12–32 to support his claims while disregarding other portions of the statute that do not support his claims. Finally, the appellants assert that to the extent they are raising a new issue, the record is sufficiently developed for this Court to decide the issue on appeal.

■ After a careful review of this issue, this Court concludes that the appellants have waived their argument based on W. Va.Code § 33–12–32. The appellants clearly did not raise this issue in their cross motion for summary judgment below. "In the exercise of its appellate jurisdiction, this Court will not decide nonjurisdictional questions which were not considered and decided by the court from which the appeal has been taken." Syllabus Point 1, *Mowery v. Hitt*, 155 W.Va. 103, 181 S.E.2d 334 (1971). The issue of whether an automobile rental insurance policy is outside the scope of W. Va.Code § 33–6–31(a) due to the fact that it is regulated by W. Va.Code § 33–12–32 was not raised by the appellants below nor was it decided by the circuit court. Further, while both Mr. Lin, in his pleading, and the circuit court, in its order, cite W. Va.Code § 33–12–32, it was not to address the specific issue now raised by the appellants which is whether W. Va. Code § 33–12–32 applies to rental vehicle liability insurance instead of W. Va.Code § 33–6–31(a), but rather for the proposition that the Enterprise employee who sold the supplemental policy to Mr. Lin was not properly trained. Finally, we reject the appellants' reliance on *Whitlow v. Bd. of Educ. of Kanawha Cty.*, 190 W.Va. 223, 438 S.E.2d 15 (1993), in support of their assertion that the facts are sufficiently developed for this Court to decide this issue. In *Whitlow*, this Court considered an issue raised for the first time on appeal where the issue was constitutional in nature and one of substantial public interest that may recur in the future. The instant case is not constitutional in nature. Accordingly, because this issue was not raised and decided below, we decline to address it for

---

**6.** We observe that counsel for the appellants on appeal to this Court were not the counsel below that failed to raise the applicability of W. Va. Code § 33–12–32 before the circuit court.

the first time on appeal.[7]

■ In sum, the circuit court found that the supplemental policy at issue covered Mr. Lin's injuries due to the operation of the omnibus insurance statute at W. Va.Code § 33–6–31(a). In so ruling, the circuit court did not have the benefit of the appellants' new argument, raised for the first time before this Court, that W. Va.Code § 33–12–32(h)(4)(B) is applicable to the rental insurance policy at issue instead of W. Va.Code § 33–6–31(a). Because the appellants did not raise this issue below, this Court, consistent with out law, declines to consider the issue for the first time on appeal. As a result, this Court, having found no error in the circuit court's ruling below, must affirm the ruling. In doing so, however, we do *not* hold that W. Va.Code § 33–6–31(a) is applicable to automobile rental insurance policies. Rather, we simply affirm the circuit court's decision in the absence of error properly preserved for this Court's review. This Court previously has held that

This Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment.

Syllabus Point 3, *Barnett v. Wolfolk*, 149 W.Va. 246, 140 S.E.2d 466 (1965).

## IV.

## CONCLUSION

For the foregoing reasons, this Court affirms the March 19, 2008, order of the Circuit Court of Kanawha County that granted summary judgment on behalf of Mr. Lin.

Affirmed.

---

7. The appellants put forth several additional arguments in support of their appeal. For example, the appellants assert that Shin Yi Lin was not a permissive user of the rental vehicle for purposes of the omnibus statute. We find, however, that the appellants waived their argument with regard to permissive users by taking a contrary position in their cross-motion for summary judgment below. There appears to have been a March 6, 2008, hearing on the parties' motions for summary judgment. While a transcript of the hearing does not appear in the record received by this Court, we have no indication that the appellants took a position on the permissive user issue different from the one in their cross-motion for summary judgment. Further, the circuit court found in its summary judgment order

that "[b]y the defendants' admission, there is no dispute that the defendant, Shin Yi Lin, was a permissive user of the motor vehicle in which Jason Lin was a passenger." This Court has no reason to reject this finding by the circuit court.

Second, the appellants argue that exclusions in an automobile liability insurance policy that are inconsistent with the omnibus statute are invalidated only up to the statutory minimum coverage which was granted to Mr. Lin below. We find no merit to this argument. The supplemental policy at issue, while it is in excess of the statutory mandatory minimum coverage, does not specifically exclude Ms. Lin from coverage by a restrictive endorsement attached to the policy as mandated by W. Va.Code § 33–6–31(a).