# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**West Virginia Division of Corrections, an
Agency of the State of West Virginia
Defendant Below, Petitioner**

**vs)  No. 14-0368** (Kanawha County 10-C-830)

**Tracy Jividen,
Plaintiff Below, Respondent**

**FILED**

April 10, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner West Virginia Division of Corrections ("WVDOC") by counsel Lou Ann Cyrus and Kimberly M. Bandy, filed an interlocutory appeal of the January 31, 2014, order of the Circuit Court of Kanawha County that denied, in part, petitioner's Motion for Summary Judgment on the grounds of qualified immunity with respect to the negligence claims asserted against it. Respondent Tracy Jividen, by counsel Kerry A. Nessel, filed a response. Petitioner filed a reply and supplemental brief.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court finds that the circuit court erred in denying petitioner's motion for summary judgment. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Revised Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

David Rees began working for the WVDOC in April of 2003. He was shortly afterward promoted to sergeant, and lieutenant. Lt. Rees attended the WVDOC Training Academy for six weeks, and one week of firearm training. He also received extensive on-sight training. Respondent alleges that between 2005 and 2007, while she was an inmate on the night crew and Lt. Rees was employed at Lakin Correctional Center, Lt. Rees repeatedly made inappropriate sexual comments to her. She also claims that she engaged in oral sex with Lt. Rees, at his request, approximately ten times from 2007 to 2008. Respondent further alleged that Lt. Rees watched her and other inmates while engaged in sexual situations between May and August of 2008.

On May 5, 2010, respondent filed a complaint in the Circuit Court of Kanawha County alleging, among other claims, that the WVDOC negligently supervised and retained Lt. Rees and negligently failed to intervene on respondent's behalf, which proximately caused Lt. Rees to engage in sexual misconduct with respondent. The WVDOC filed an answer, denying all negligence allegations on July 22, 2010, and after conducting discovery, filed a motion for summary judgment on November 14, 2011. On December 5, 2011, a hearing was held on the

1

WVDOC's motion. In an order entered January 31, 2014, the circuit court granted, in part, and denied, in part, the WVDOC's motion. The circuit court found that "a genuine question of fact exists as to the [respondent]'s theories of negligent supervision, retention and failure to intervene because it believes that inferences can be drawn in support of each." The circuit court specifically rejected the WVDOC's argument that it was entitled to qualified immunity on the negligence claims asserted.

The WVDOC now appeals the circuit court's January 31, 2014, order that denied its Motion for Summary Judgment on respondent's negligence claims[1]. The WVDOC asserts that the circuit court erred when it denied its motion because it is entitled to qualified immunity as a matter of law.

This Court's review of the circuit court order is de novo. Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). This Court has further explained that "[w]hen undertaking our plenary review, we apply the same standard for granting summary judgment as would be applied by a circuit court." *Subcarrier Commc'ns, Inc. v. Nield,* 218 W.Va. 292, 296, 624 S.E.2d 729, 733 (2005). Accordingly, we observe that,

> "'[A] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.' Syllabus Point 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963)" Syllabus Point 1, *Andrick v. Town of Buckhannon*, 187 W.Va. 706, 421 S.E.2d 247 (1992).

Syl. Pt. 2, *Painter*, 192 W.Va. at 190, 451 S.E.2d at 756. Finally, we note that "[t]he circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial." Syl. Pt. 3, *id.* With these standards in mind we address petitioner's assignment of error.

The WVDOC argues that the circuit court's reason for denying summary judgment on the defense of qualified immunity is clearly erroneous and is flawed in several major respects. First, the circuit court's vague and conclusory statement that "questions of fact exist" is insufficient to support its ruling and further fails to comply with the mandate of this Court in *W.Va. Dep't of Health and Human Res. v. Payne*, 231 W.Va. 563, 746 S.E.2d 554 (2013)[2]. Next, the WVDOC

---

[1]The WVDOC also appeals the March 19, 2014, order that denied petitioner's Motion to Alter or Amend Judgment. We decline to address that order as moot for the reasons described herein.

[2] The circuit court found with respect to the negligence claims:

The Court finds and concludes that questions of fact exist as to whether the WVDOC negligently supervised and retained David Rees, and whether the WVDOC negligently failed to intervene on the Plaintiff's behalf, such that the

contends that the circuit court improperly relied upon its finding of negligence in making its ruling, and that negligence is not a sufficient legal basis to deny qualified immunity. The WVDOC further asserts that the circuit court's rationale for denying summary judgment is unclear, and that there is no basis in the record sufficient to support the circuit court's decision.[3] Finally, the WVDOC argues that the correct analysis regarding the application of qualified immunity to negligence claims is set forth in Syllabus Point 10 of *W.Va. Reg'l Jail and Corr. Facility Auth. v. A.B.*, ___ W.Va. ____, 766 S.E.2d 751 (2014), which held as follows:

> To determine whether the State, its agencies, officials, and/or employees are entitled to immunity, a reviewing court must first identify the nature of the governmental acts or omissions which give rise to the suit for purposes of determining whether such acts or omissions constitute legislative, judicial, executive or administrative policy-making acts or involve otherwise discretionary governmental functions. To the extent that the cause of action arises from judicial, legislative, executive or administrative policy-making acts or omissions, both the State and the official involved are absolutely immune pursuant to Syl. Pt. 7 of *Parkulo v. W. Va. Bd. of Probation and Parole,* 199 W.Va. 161, 483 S.E.2d 507 (1996).

The WVDOC asserts that, under *A.B.*, the categories of supervision and employee retention fall under the auspices of discretionary governmental functions, and that the failure to intervene to address or alter the conduct of a correctional officer should also be considered a discretionary governmental function. With respect to the claim of negligent failure to intervene, given that respondent did not report the alleged sexual misconduct prior to filing suit, the WVDOC argues that a claim for "failure to intervene" cannot arise in the absence of a report or other knowledge or awareness of conduct.

We agree with the WVDOC that the circuit court erred by finding that "questions of fact exist" which require the denial of petitioner's motion for summary judgment. "[T]he doctrine of qualified or official immunity bars a claim of mere negligence against a State agency . . . and

---

WVDOC's argument that qualified immunity shields the WVDOC from the Plaintiff's claim should be denied.

[3] We find that the order of the circuit court fails to provide the requisite, factual detail in support of its decision to deny summary judgment.

> "A circuit court's order denying summary judgment on qualified immunity grounds on the basis of disputed issues of material fact must contain sufficient detail to permit meaningful appellate review. In particular, the court must identify those material facts which are disputed by competent evidence and must provide a description of the competing evidence or inferences therefrom giving rise to the dispute which preclude summary disposition."

Syl. Pt. 4, *Payne*. In spite of this, we find our de novo review of the record allows this Court to review the order without further elaboration from the circuit court.

against an officer of that department acting within the scope of his or her employment, with respect to the discretionary judgments, decisions and actions of the officer." Syl. Pt. 7, in part, *A.B.* (quoting syl. pt. 6, *Clark v. Dunn*, 195 W.Va. 272, 465 S.E.2d 374 (1995)). In *A.B.*, this Court held,

> [T]he broad categories of training, supervision, and employee retention, as characterized by respondent, easily fall within the category of "discretionary" governmental functions. *Accord Stiebitz v. Mahoney,* 144 Conn. 443, 134 A.2d 71, 73 (1957) (the duties of hiring and suspending individuals require "the use of a sound discretion"); *McIntosh v. Becker,* 111 Mich. App. 692, 314 N.W.2d 728, 729 (1981) (school board immune for negligent hiring and supervision); *Gleason v. Metro. Council Transit Operations,* 563 N.W.2d 309, 320 (Minn. Ct. App. 1997) (claims for negligent supervision, hiring, training and retention are immune as discretionary acts); *Doe v. Jefferson Area Local Sch. Dist.,* 97 Ohio App.3d 11, 646 N.E.2d 187 (1994) (school board is immune from negligent hiring and supervision claims); *Dovalina v. Nuno,* 48 S.W.3d 279, 282 (Tex. App. 2001) (hiring, training, and supervision discretionary acts); *Uinta Cnty. v. Pennington,* 286 P.3d 138, 145 (Wyo. 2012) ("hiring, training, and supervision of employees involve the policy judgments protected by the discretionary requirement").

__ W.Va. at __, 766 S.E.2d at 773. Further,

> To the extent that governmental acts or omissions which give rise to a cause of action fall within the category of discretionary functions, a reviewing court must determine whether the plaintiff has demonstrated that such acts or omissions are in violation of clearly established statutory or constitutional rights or laws of which a reasonable person would have known or are otherwise fraudulent, malicious, or oppressive . . .

Syl. Pt. 11, in part, *id.* In the absence of such a showing, the State and its officials or employees charged with such acts or omissions are immune from liability.

Respondent asserts that the WVDOC is liable under a theory of respondeat superior for the alleged actions of Lt. Rees, which, if true, would have undisputedly violated West Virginia Code 61-8B-10[4]. However, as this Court held in *A.B.*, "[i]n some cases, the relationship between an employee's work and wrongful conduct is so attenuated that a jury could not reasonably conclude that the act was within the scope of employment." __ W.Va. at __, 766 S.E.2d at 768. Similarly, we hold that the alleged actions of Lt. Rees fall outside of the scope of his employment with the WVDOC. Additionally, respondent fails to identify any clearly established law that was violated by the WVDOC regarding its hiring, training, and supervision of

---

[4] West Virginia Code § 61-8B-10, *Imposition of sexual acts on persons incarcerated or under supervision; penalties*, is a criminal statute which provides penalties for sexual conduct between correctional personnel and incarcerated persons.

4

employees, or in the retention of Lt. Rees.[5] Consequently, we find the WVDOC is entitled to summary judgment with respect to the negligence claims, because the acts complained of constitute discretionary government functions, for which the WVDOC is entitled to qualified immunity.

For the foregoing reasons we reverse, in part, the circuit court's June 4, 2014 order.

Reversed, in part, and Remanded.

**ISSUED:** April 10, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[5] Respondent argues, for the first time on appeal, that the WVDOC violated West Virginia Code §§ 25-1-1a, 25-1-11a, and 25-1-11c. "'In the exercise of its appellate jurisdiction, this Court will not decide nonjurisdictional questions which were not considered and decided by the court from which the appeal has been taken.' Syllabus Point 1, *Mowery v. Hitt,* 155 W.Va. 103, 181 S.E.2d 334 (1971)." Syl. Pt. 1, *Lin v. Lin*, 224 W.Va. 620, 687 S.E.2d 403 (2009).